## CONNECTICUT AVE. CAFE, Inc. v. DISTRICT OF COLUMBIA.

### No. 9665.

United States Court of Appeals
District of Columbia.

Argued May 6, 1948.

Decided June 1, 1948.

Mr. Vincent L. Toomey, of Washington, D. C., for petitioner.

Mr. George C. Updegraff, Asst. Corp. Counsel, of Washington, D. C., with whom Mr. Vernon E. West, Corp. Counsel, and Mr. Chester H. Gray, Principal Asst. Corp. Counsel, both of Washington, D. C., were on the brief, for respondent.

Before EDGERTON, PRETTYMAN and PROCTOR, Associate Justices.

PRETTYMAN, Associate Justice.

This is a District of Columbia corporate income tax case involving the years 1942, 1943 and 1944. Petitioner's capital stock consisted of 100 shares. Throughout the period involved, 48 shares were owned by Effie Georgilas. Nicholas Georgilas, her husband, owned 2 shares. During part of 1942, Clarence Panagiotou owned 48 shares, which, in September, 1943, were acquired and thereafter owned by George Pappadeas. The record does not show who owned the remaining 2 shares. The sole officers of the corporation were the stockholders.

During the years involved, the net income of the corporation, before deduction for salaries, and the salaries paid the three officers were:

| | Profit Before Salaries | Salaries |
|---|---|---|
| 1942 | $20,900.56 | $20,637 |
| 1943 | 27,175.39 | 26,850 |
| 1944 | 21,789.05 | 21,672 |

The Board of Tax Appeals held the following salaries to be reasonable compensation for personal services performed:

| Name | 1942 | 1943 | 1944 |
|---|---|---|---|
| Clarence Panagiotou | $1,280 | | |
| George Pappadeas | | $5,200 | $6,500 |
| Nicholas Georgilas | 6,500 | 6,500 | 6,500 |
| Effie Georgilas | 1,500 | 1,500 | 1,500 |

The foregoing finding of the Board of Tax Appeals was a finding of fact. It will not be disturbed on appeal unless clearly erroneous.[1] The Board made underlying findings of fact as to duties performed and hours customarily worked by the officers. We find nothing in this record to indicate error. Moreover, when the total profits of a closely held corporation are distributed to the stockholders, or to the stockholders and their spouses, as sal-

---

[1] District of Columbia v. Pace, 1944, 320 U.S. 698, 64 S.Ct. 406, 88 L.Ed. 408.

aries, the payments naturally invite careful scrutiny. Of course, if it happens that the amounts paid are reasonable compensation for personal services actually rendered the corporation, they are deductible. But the burden of establishing the deductibility of all the profits over a period of years is even greater than the burdens which a taxpayer undertakes in an ordinary tax case when he attacks the findings of the Assessor and those of the Board of Tax Appeals.

Affirmed.